FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2008 JAN 15 PM 12: 12

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| AMCO PRODUCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-3114-RGK-DLP |
| ) | |
| FARMERS PREMIUM PRODUCE, LLC, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND CONSENT JUDGMENT

Upon the joint request of plaintiff, Amco Produce, Inc. (hereinafter the "Plaintiff"), and defendants, Farmers Premium Produce, LLC, (the "Company") Randy Cruise and Debra Cruise, each individually, and CT Farms, Ltd. (collectively the "Principals")(Company and Principals hereinafter collectively the "Defendants"), for the entry of a final judgment by consent between the parties as follows:

- A) The Defendants have indicated their individual and collective consent to the entry of this Judgment and, through such consent, have waived personal service and any objection to the Court's exercise of both personal and subject matter jurisdiction in this matter over them to allow for the entry of this Judgment.

- B) The Court, having been so advised, hereby finds the Defendants, jointly and severally, are indebted to the Plaintiff, for a breach of the trust imposed upon their assets under § 499e(c) the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2004 & Supp. 2006) (the "PACA"), in the agreed amount

of $30,000.00 plus post-judgment interest at the agreed upon rate of eight percent (8%) per annum, until the entire judgment is paid in full.

Accordingly, **IT IS HEREBY ORDERED:**

1. On Count I of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Defendants, on a joint and several basis, in the amount of $30,000.00, plus post-judgment interest at the agreed upon rate of eight percent (8%) per annum (hereinafter the "Outstanding Indebtedness"), less any sums recovered under any other Counts of the Complaint.

2. On Count II of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Defendants, on a joint and several basis, in the full amount of the Outstanding Indebtedness, less any sums recovered under any other Counts of the Complaint.

3. On Count III of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Company, in the full amount of the Outstanding Indebtedness, less any sums recovered under any other Counts of the Complaint.

4. On Count IV of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Principals, on a joint and several basis, among themselves and with the Company on Counts I and II, in the full amount of all indebtedness secured by Plaintiff's PACA trust rights, less any sums recovered under any other Counts of the Complaint.

5. Nothing in this Judgment shall be construed as limiting the Plaintiff to recovery from any particular Defendant before any other. While the Plaintiff is restricted to a single recovery, that recovery may be had from any of the Defendants, in any order of payment, up to and including the full amount of the Outstanding Indebtedness.

6. The Defendants shall deliver the following payments to the Plaintiff on the following schedule, in the following amounts, and in the following manner to preclude execution on this Judgment:

(a) Defendants shall deliver the sum of $5,000.00 in the form of an Official Bank Check made payable to: "Keaton & Associates Client Trust" to Plaintiff's Counsel contemporaneous with the execution of this Consent Judgment on or before January 15, 2008, and

(b) Defendants shall satisfy the remaining balance of the Outstanding Indebtedness to the Plaintiff via certified payments as per the payment schedule attached hereto as Exhibit A and in the amounts identified thereon. A true and accurate copy of said payment schedule is attached hereto and incorporated herein by this reference.

(c) Defendant shall make each payment via an Official Bank Check made payable to: "Keaton & Associates Client Trust" on or before the dates set forth above until the Plaintiff has been paid in an amount equal to $33,204.58. The Plaintiff will apply each payment to the Outstanding Indebtedness in any order, at its sole discretion, as long as the Defendants receive full credit for each such transfer.

(d) Notwithstanding any terms to the contrary, the Defendants shall be entitled to prepay any part or all of the principal sum of the Outstanding Indebtedness without penalty, at any time and from time to time, without the requirement that Plaintiff consent thereto. Prepayments made under this subsection (d) shall, after payment of interest, be applied to the installments last to become due and shall not affect the obligation of Defendants to pay the remaining monthly installments payable or change the

3

amount of such installments. Interest ceases to accrue on the amount of any prepayment applied to reduce the unpaid balance of the principal sum payable.

7. As long as the above payments are each delivered to Plaintiff's Counsel on or before the due date until such time as the Plaintiff has received good funds in an amount equal to $33,204.58 the Plaintiff shall not execute upon this Judgment. Upon the Defendants' failure to make any payment required hereunder when due ("Default "), Plaintiff may issue a notice of Default via facsimile transmission to the Defendants' counsel, Daniel L. Lindstrom of JACOBSEN, ORR, NELSON, WRIGHT & LINDSTROM, P.C. at Fax: 308/234-9305, whereupon Defendants shall be afforded five (5) business days to cure the Default. If Defendants fail to cure the Default within this cure period or if the Defendants default, regardless of cure, more than three (3) times, the Plaintiff shall be free to immediately execute upon this Judgment and enter a Temporary Restraining Order. Following any un-cured Default or upon the fourth Default, Defendants agree any post-Default attorneys' fees and costs, as well as any and all accrued interest thereon, shall be added to the balance then due on the Outstanding Indebtedness.

8. Interest shall accrue on the balance of the principal portion of the Outstanding Indebtedness at the agreed rate between the parties of eight percent (8%) per annum.

9. The amount of this Settlement Agreement, with a corresponding credit given for all sums Plaintiff actually receives in satisfaction hereof, is hereby expressly founded upon Principals' breach of their fiduciary duties and, as such, is hereby excepted and excluded from any discharge of personal liability which any or all of them may seek in any proceedings under Title 11, United States Code pursuant to 11 U.S.C. § 523(a)(4), to the extent of the agreed upon PACA debt amount of $33,204.58.

4

**DONE AND SO ORDERED**

DATE: This 15th day of January, 2008.

                                                Hon. David L. Piester
                                                UNITED STATES DISTRICT COURT
                                                DISTRICT OF NEBRASKA

10. This Stipulation may be executed by the parties on any number of separate counterparts, and by each party on separate counterparts, each of such counterparts being deemed by the parties to be an original instrument; and all of such counterparts, taken together, shall be deemed to constitute one and the same instrument.

11. The parties specifically agree and acknowledge that a duplicate hereof (as the term "duplicate" is defined in Rule 1001(4) of the Nebraska Evidence Rules) shall include, but not be limited to, a counterpart produced by virtue of a facsimile ("fax") machine.

12. This Stipulation shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective (heirs, personal representatives,) successors and assigns. The (parties or signatories) to this Stipulation (including those executing consents/guaranties, etc. hereto,) specifically agree that this Stipulation shall be binding upon them, and each of them, once all of them have signed at least one counterpart hereof, including, but not limited to, a counterpart produced by virtue of a facsimile ("fax") machine. Each (party or signatory) hereto (, including those executing consents/guaranties, etc. to this Stipulation,) acknowledges and agrees that each and every other (party or signatory) hereto may and shall be entitled to rely upon any and all such signed counterparts.

13. All parties acknowledge and agree to the terms of this Consent Judgment and intend to be legally bound thereby as evidenced by their signatures on pages six (6) and seven (7) of this Stipulation and Consent Judgment, which are incorporated herein by this reference.

AMCO PRODUCE, INC.

By: _____
One of its Attorneys

Justin J. Cook, Esq.
LINCOLN LAW, LLC
2935 Pine Lake Road
Suite F
Lincoln, NE 68516
Tel: 402/438-6900

Co-Counsel:

Jason R. Klinowski, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway
Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500

FARMERS PREMIUM PRODUCE, LLC, a Nebraska corporation, DEBRA CRUISE, individually, RANDY CRUISE, individually, and CT Farms, LTD, a Nebraska Corporation,

By: _____
One of their Attorneys

Daniel L. Lindstrom, Esq.
Loralea L. Frank, Esq.
JACOBSEN, ORR, NELSON, WRIGHT & LINDSTROM, P.C.
322 W. 39th Street
P.O. Box 1060
Kearney, NE 68848-1060
Tel.: 308/ 234-5579

FARMERS PREMIUM PRODUCE, LLC.,

By: _____
Randy Cruise - President

By: _____
Randy Cruise, personally

By: _____
Debra Cruise, personally

6

By: _____
Ronald R. Cruise, personally

CT FARMS, LTD.

By: _____
Randy Cruise - President

**Payment Analysis: Farmers Premium**

| | |
|---|---|
| Total Settlement | $ 30,000.00 |
| Down Payment | $ 5,000.00 |
| Amt. Amortized | $ 25,000.00 |
| Interest Rate | 8% per annum (per settlement agreement) |
| Term (Monthly) | 36 months |
| Monthly Pmt. | $ 783.00 |

| | Pmt. Amt. | Due Date | Earned Interest | Principal Reduction | Balance Due |
|---|---|---|---|---|---|
| Down Pmt. | $ 5,000.00 | 01/15/08 | $ - | $ 5,000.00 | $ 25,000.00 |
| 1 | $ 783.00 | 02/15/08 | $ 166.67 | $ 616.33 | $ 24,383.67 |
| 2 | $ 783.00 | 03/15/08 | $ 162.56 | $ 620.44 | $ 23,763.22 |
| 3 | $ 783.00 | 04/15/08 | $ 158.42 | $ 624.58 | $ 23,138.65 |
| 4 | $ 783.00 | 05/15/08 | $ 154.26 | $ 628.74 | $ 22,509.90 |
| 5 | $ 783.00 | 06/15/08 | $ 150.07 | $ 632.93 | $ 21,876.97 |
| 6 | $ 783.00 | 07/15/08 | $ 145.85 | $ 637.15 | $ 21,239.82 |
| 7 | $ 783.00 | 08/15/08 | $ 141.60 | $ 641.40 | $ 20,598.41 |
| 8 | $ 783.00 | 09/15/08 | $ 137.32 | $ 645.68 | $ 19,952.74 |
| 9 | $ 783.00 | 10/15/08 | $ 133.02 | $ 649.98 | $ 19,302.76 |
| 10 | $ 783.00 | 11/15/08 | $ 128.69 | $ 654.31 | $ 18,648.44 |
| 11 | $ 783.00 | 12/15/08 | $ 124.32 | $ 658.68 | $ 17,989.76 |
| 12 | $ 783.00 | 01/15/09 | $ 119.93 | $ 663.07 | $ 17,326.70 |
| 13 | $ 783.00 | 02/15/09 | $ 115.51 | $ 667.49 | $ 16,659.21 |
| 14 | $ 783.00 | 03/15/09 | $ 111.06 | $ 671.94 | $ 15,987.27 |
| 15 | $ 783.00 | 04/15/09 | $ 106.58 | $ 676.42 | $ 15,310.85 |
| 16 | $ 783.00 | 05/15/09 | $ 102.07 | $ 680.93 | $ 14,629.92 |
| 17 | $ 783.00 | 06/15/09 | $ 97.53 | $ 685.47 | $ 13,944.45 |
| 18 | $ 783.00 | 07/15/09 | $ 92.96 | $ 690.04 | $ 13,254.42 |
| 19 | $ 783.00 | 08/15/09 | $ 88.36 | $ 694.64 | $ 12,559.78 |
| 20 | $ 783.00 | 09/15/09 | $ 83.73 | $ 699.27 | $ 11,860.51 |
| 21 | $ 783.00 | 10/15/09 | $ 79.07 | $ 703.93 | $ 11,156.58 |
| 22 | $ 783.00 | 11/15/09 | $ 74.38 | $ 708.62 | $ 10,447.96 |
| 23 | $ 783.00 | 12/15/09 | $ 69.65 | $ 713.35 | $ 9,734.61 |
| 24 | $ 783.00 | 01/15/10 | $ 64.90 | $ 718.10 | $ 9,016.51 |
| 25 | $ 783.00 | 02/15/10 | $ 60.11 | $ 722.89 | $ 8,293.62 |
| 26 | $ 783.00 | 03/15/10 | $ 55.29 | $ 727.71 | $ 7,565.91 |
| 27 | $ 783.00 | 04/15/10 | $ 50.44 | $ 732.56 | $ 6,833.35 |
| 28 | $ 783.00 | 05/15/10 | $ 45.56 | $ 737.44 | $ 6,095.91 |
| 29 | $ 783.00 | 06/15/10 | $ 40.64 | $ 742.36 | $ 5,353.55 |
| 30 | $ 783.00 | 07/15/10 | $ 35.69 | $ 747.31 | $ 4,606.24 |
| 31 | $ 783.00 | 08/15/10 | $ 30.71 | $ 752.29 | $ 3,853.94 |
| 32 | $ 783.00 | 09/15/10 | $ 25.69 | $ 757.31 | $ 3,096.64 |
| 33 | $ 783.00 | 10/15/10 | $ 20.64 | $ 762.36 | $ 2,334.28 |
| 34 | $ 783.00 | 11/15/10 | $ 15.56 | $ 767.44 | $ 1,566.84 |
| 35 | $ 783.00 | 12/15/10 | $ 10.45 | $ 772.55 | $ 794.29 |
| 36 | $ 799.58 | 01/15/11 | $ 5.30 | $ 794.28 | $ 0.00 |
| Totals | $ 33,204.58 | | $ 3,204.58 | | |

Sheet1

Page 1


EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| AMCO PRODUCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-3114-RGK-DLP |
| | ) |
| FARMERS PREMIUM PRODUCE, LLC, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Jason R. Klinowski, Esq., hereby certify that a true and correct copy of the Parties Stipulation and Consent Judgment, together with all exhibits thereto, if any, was served upon all counsel of record properly registered with the Court's ECF system, this 11th day of January 2008 and specifically to the following recipient(s):

Daniel L. Lindstrom
JACOBSEN, ORR, NELSON, WRIGHT & LINDSTROM, P.C.
322 W. 39th Street
P.O. Box 1060
Kearney, NE 68848-1060

Respectfully submitted,

AMCO PRODUCE, INC.

By: /s/ Jason R. Klinowski, Esq.
One of Its Attorneys

Justin J. Cook, Esq.
811 S. 13th St., Suite 101
Lincoln, NE 68508
Telephone: 402-438-6900

Jason R. Klinowski, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500